UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ALLIEANNA CHARLEYN MAHUERON, | Case No. 2:22-cv-01549-MC |
| Plaintiff, | ORDER |
| v. | |
| B. CAIN, | |
| Defendant. | |

MCSHANE, District Judge.

Plaintiff, an adult in custody at the Snake River Correctional Institution (SRCI), files this civil rights action pursuant to 42 U.S.C. § 1983. For the reasons explained below, plaintiff's Complaint fails to state a viable claim for relief under § 1983, and plaintiff is afforded the opportunity to file an Amended Complaint including all claims against SRCI officials.

- 1 -    ORDER

This Court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

Plaintiff's Complaint in this action is illegible; the Court cannot read plaintiff's handwriting and cannot discern the nature of the allegations against the named SRCI defendants. Further, plaintiff has filed three additional § 1983 actions against SRCI officials and the Complaints in those actions are also illegible and fail to state viable § 1983 claims. *See Mahueron v. Miller*, Case No. 2:22-cv-01550-MC; *Mahueron v. Woodland*, Case No. 2:22-cv-01551-MC; and *Mahueron v. Woodland*, Case No. 22-cv-01553-MC. The Court will not collect four filing fees or require plaintiff to file four Amended Complaints in four separate actions against SRCI officials. Instead, plaintiff shall file an Amended Complaint in this action, Case No. 2:22-cv-01549-MC, and include all claims against SRCI officials. Plaintiff's other actions against SRCI officials will be dismissed without prejudice to plaintiff's ability to refile those claims in this case.

The Court also provides plaintiff with the following information regarding § 1983 actions arising from prison conditions.

To state a civil rights claim under § 1983, plaintiff must allege that 1) a person acting under color of law 2) deprived plaintiff of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). Liability under § 1983 arises upon a showing of personal participation by each defendant, and a supervisor is not liable for the constitutional violations of employees unless the supervisor "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff must allege that each named defendant, through his or her own individual actions, violated plaintiff's constitutional rights.

The Eighth Amendment imposes a duty on prison officials to protect inmates from violence at the hands of other inmates. *Farmer v. Brennan,* 511 U.S. 825, 833 (1994). To state a viable § 1983 claim alleging the failure to protect, the plaintiff must allege that the prison official's act or omission raised "a substantial risk of serious harm" and the official was subjectively aware of that risk and acted with "deliberate indifference to inmate health or safety." *Id.* at 834, 839-40. A prison official's deliberate indifference may be established through an "inference from circumstantial evidence" or "from the very fact that the risk was obvious." *Id.* at 842.

Prison officials and physicians also violate the Eighth Amendment's proscription against cruel and unusual punishment when they act with deliberate indifference to an inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To allege a § 1983 claim based on inadequate medical care, the plaintiff must allege that prison officials knew of and disregarded an excessive risk to the plaintiff's health and medical needs. *Toguchi v. Chung*, 391 F.3d 1051,

1057 (9th Cir. 2004). However, plaintiff is advised that "[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Id.*

To the extent plaintiff seeks to allege the unlawful deprivation or loss of property, whether intentional or negligent, the Supreme Court "has held that a statutory provision for a postdeprivation hearing, or a common-law tort remedy for erroneous deprivation, satisfies due process" requirements. *Zinermon v. Burch*, 494 U.S. 113, 128 (1990); *see Hudson v. Palmer*, 468 U.S. 511, 533 (1984). Oregon provides plaintiff with an adequate post-deprivation remedy for the unauthorized destruction or loss of property through the Oregon Tort Claims Act. *Gutierrez v. Williams*, 505 Fed. App'x 659, 660 (9th Cir. Jan. 17, 2013) (citing Or. Rev. Stat. § 30.260 et seq). In other words, plaintiff cannot bring a § 1983 claim arising from the alleged loss or destruction of personal property.

Finally, plaintiff's Amended Complaint must be typewritten or written in legible, printed handwriting and include Case No. 2:22-cv-01549-MC in the caption. Plaintiff must also name each SRCI defendant in the caption and, for each claim asserted against each defendant, plaintiff must allege the following: (1) the constitutional right plaintiff believes was violated; (2) the name of the SRCI official who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual caused the violation of plaintiff's constitutional rights; and (5) what specific injury plaintiff suffered because of the individual's conduct.

## CONCLUSION

Plaintiff's Complaint fails to state a viable claim for relief and it is DISMISSED. Within thirty days from the date of this Order, plaintiff shall submit an Amended Complaint complying

with the Court's directives and including all claims against SRCI officials. Plaintiff is advised that the failure to comply with the Court's Order will result in the dismissal of this proceeding, without prejudice.

IT IS SO ORDERED.

DATED this 24th day of January, 2023.

s/ Michael J. McShane  
MICHAEL J. MCSHANE  
United States District Judge