UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALLIEANNA CHARLEYN MAHUERON,   Case No. 2:22-cv-01549-MC

        Plaintiff,   ORDER

    v.

BRAD CAIN; JAMIE MILLER; J. WOODLAND; HEIDI STEWARD; DR. GARTH GULICK; DR. WARREN ROBERTS; LT. HOLLIE RUSSEL; SGT. RESHEL BROWN; SGT. ERIC HOOD; CPT. WILLIAM KING; CPT. CASEY CLEAVER; SGT. SCOTT GILLUM; CO WOOD; LT. CASILLOS; LT. PHILLIPS; SGT. DENITA SHARP; CO LOGAN SYMONS; and JOHN DOES 1-20,

        Defendants.
_____

MCSHANE, Chief Judge.

- 1 -   ORDER

Plaintiff, a self-represented adult in custody with the Oregon Department of Corrections, filed suit and alleged claims under the Eighth Amendment, the Americans With Disabilities Act, and the Rehabilitation Act (RA). Defendants now move to dismiss Plaintiff's ADA and RA claims on grounds that such claims cannot be brought against Defendants in their individual capacities.

Defendants are correct that individuals cannot be held liable in their individual capacities for alleged ADA or RA violations. *Vinson v. Thomas*, 288 F.3d 1145, 1156 (9th Cir. 2002). However, a suit against an individual in an official capacity is the equivalent of a suit against a public entity. *Becker v. Oregon*, 170 F. Supp. 2d 1061, 1066 (D. Or. 2001). Plaintiff's Amended Complaint does not indicate whether she brings ADA and RA claims against the Defendants in their individual or official capacities. Considering the essential nature of this action and affording Plaintiff's Amended Complaint "the liberal construction it is due," I find that Plaintiff's Amended Complaint "is an official capacity suit permitted under the ADA." *Williams v. Koenig*, 2024 WL 1477067, at *3 (9th Cir. Apr. 5, 2024).

Defendants proffer no other reason for dismissal of Plaintiff's ADA and RA claims, and I deny the motion on the asserted ground.

Plaintiff also moves for the appointment of counsel and to compel discovery. Given Plaintiff's allegations and the issues raised, Plaintiff has not demonstrated that this is an exceptional case warranting the appointment of volunteer counsel at this time. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff is further advised that requests for discovery are premature, as Defendants have not filed an Answer to the Amended Complaint. Once Defendants file an Answer, Plaintiff may direct her discovery requests to defense counsel; Plaintiff should not file discovery requests with the Court.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 45) is DENIED, Plaintiff's Motion for Discovery (ECF No. 48) is DENIED, and Plaintiff's Motion for Appointment of Counsel (ECF No. 47) is DENIED with leave to renew at a later stage of the proceedings.

IT IS SO ORDERED.

DATED this 19th day of December, 2024.

s/ Michael J. McShane
MICHAEL J. MCSHANE
United States District Judge